## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:3:22-CV-11701-MGM

| | |
|---|---|
| An Adult identified as "JANE DOE 1", An Adult identified as A.D., as Mother & Next Best Friend of Minor Child "JANE DOE 2," An Adult identified as J.M., AS Mother & Next Best Friend of Minor Child, "JANE DOE 3", and An Adult identified as L.B., as Mother & Next Best Friend of Minor Child "JANE DOE 4", <br>     *Plaintiffs*, <br><br>v. <br><br>HOLYOKE PUBLIC SCHOOLS, CITY OF HOLYOKE, and ANTHONY SOTO, ALBERTO VAZQUEZ MATOS, STEPHEN ZRIKE, JR., LORI MCKENNA, and STEPEHN MAHONEY, all in their Individual and Professional Capacities, <br>     *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### MEMORANDUM IN SUPPORT OF THE DEFENDANTS' JOINT MOTION FOR SANCTIONS AGAINST THE PLAINTIFFS FOR THEIR FAILURE TO COMPLY WITH A COURT ORDER

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) or (vi) and Local Rule 37.1, the Defendants, City of Holyoke, Holyoke Public Schools, and Lori McKenna, hereby respectfully and jointly move this Honorable Court to either dismiss the Plaintiffs' action entirely or to render a default judgment in favor of the Defendants for the Plaintiffs' failure to comply with the Court's order compelling full and complete responses to Initial Disclosures and the Defendants' Interrogatories and Requests for Production, including all responsive production.

# FACTS

### Plaintiffs' Initial Disclosure Responses are Six Month Overdue

On May 23, 2024, the parties submitted a Joint Proposed Scheduling Statement to the Court. *See* Exhibit 1. The Plaintiffs drafted said Joint Proposed Scheduling Statement. *See* Exhibits 1 and 8. All of the parties agreed to the Joint Proposed Scheduling[1]. *See* Exhibit 1. On May 28, 2024, this Honorable Court issued a Scheduling Order requiring that all parties submit to the other parties their Initial Disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure by June 18, 2024. *See* the Scheduling Order, a copy of which is attached hereto and marked as Exhibit 2. The Order was amended by agreement of the parties to allow such Initial Disclosures to be filed by June 28, 2024. See Paragraph number 5 of the Affidavit of Jessica L. Draper, Esq., attorney for Defendants Holyoke Public Schools and Lori McKenna; which is attached hereto and marked as Exhibit 3; *see also* Paragraph number 5 of the Affidavit of Kathleen E. Degnan, Esq., counsel for the Defendant City of Holyoke; which is attached hereto and marked as Exhibit 4.

In its Scheduling Order, this Honorable Court also set the following deadlines, almost all of which have since passed: (A) Amendments and supplements to the pleadings may be filed on or before August 30, 2024; (B) Written discovery (i.e. requests for production, interrogatories, and requests for admissions) shall be served on or before June 28, 2024; (C) Responses to written discovery requests shall be due on or before August 15, 2024; (D) All depositions of fact witnesses shall be completed on or before

2

November 29, 2024; (E) All fact discovery shall be completed on or before December 31, 2024; (F) Plaintiffs shall designate all trial experts, if any, and disclose all information contemplated by Fed. R. Civ. P. 26(a)(2) on or before January 31, 2025; (G) Defendants shall designate all trial experts, if any, and disclose all information contemplated by Fed. R. Civ. P. 26(a)(2) on or before February 28, 2025; (H) All expert discovery, including any expert rebuttal reports and expert depositions, shall be completed on or before March 29, 2025; (I) All dispositive motions shall be filed on or before May 2, 2025 and responses shall be filed within the timeframe established by Local Rue 56.1; and (J) A hearing on any filed dispositive motions will be held on June 28, 2025 at 10:00 a.m. If no dispositive motions are filed, the hearing will be converted into an initial pretrial conference. *See* Exhibit 2.

On June 28, 2024, Defendant Holyoke Public Schools and Defendant Lori McKenna timely served their Initial Disclosures upon all of the parties. *See* Paragraph number 6 of Exhibit 3; *see also* a copy of their Initial Disclosures which is attached hereto and marked as Exhibit 5.

On June 28, 2024, Defendant City of Holyoke also timely served their Initial Disclosures upon all of the parties. *See* Paragraph number 6 of Exhibit 4; *see also* a copy of their Disclosures attached hereto and marked as Exhibit 6.

---

[1] The only change to the Joint Proposed Scheduling Statement was the change in the deadline for all dispositive motions from April 10, 2025 to May 3, 2025.  See Exhibit 1.

3

Plaintiffs did not serve their initial disclosure responses by the June 28, 2024, deadline to do so. In order to receive the Plaintiffs' Initial Disclosures, each Defendant has made numerous attempts to contact the Plaintiffs' attorneys as follows, all of which went unanswered. *See* Paragraph number 7 of Exhibit 3 and Paragraph number 7 of Exhibit 4; *see also* copies of written communication submitted by Defendant Holyoke Public Schools to the Plaintiffs which are attached hereto and marked as Exhibit 7; *see also* copies of communication submitted by Defendant City of Holyoke to the Plaintiffs which are attached hereto and marked as Exhibit 8.

On July 30, 2024, the attorney representing the Defendant City of Holyoke sent an email to the Plaintiffs' attorney stating that she had not received their Initial Disclosures. *See* Exhibit 8. The Plaintiffs attorneys did not respond to this email. *See* Paragraph 7(b) of Exhibit 4.

On July 30, 2024, the attorney representing the Defendant City of Holyoke called one of the attorneys representing the Plaintiffs. *See* Paragraph 7(c) of Exhibit 4. The Plaintiffs' attorney did not answer so the Defendant's attorney left a message requesting a call back. The attorney never returned my phone call.. *See* Paragraph 7(e) in Exhibit 4.

On August 15, 2024, the attorney representing the Defendant City of Holyoke sent an email to the Plaintiffs' attorneys which states the following: "I have sent a few emails requesting that you submit to me your client's Initial Disclosures. As of the date of this email, I have not received a response to my request. [Name of one of the

Plaintiffs' attorneys], I left a voice message for you a couple of weeks ago and I never received a response. If you are no longer representing the Plaintiffs or if there is another attorney (either within or outside of your law firm), please advise me as to who is currently representing the Plaintiffs. Thank you very much." *See* Paragraph 7(d) of Exhibit 4; *see also* Exhibit 8.

On August 15, 2024, the attorney representing the Defendant City of Holyoke received an Auto Response from one of the Plaintiffs' attorneys stating that "I will be on trial until August 16, 2024 and will have extremely limited access to email until that date. I will respond to messages as expediently as possible after the 16th." *See* Paragraph 7(e) of Exhibit 4; *see also* Exhibit 8. This attorney also stated that "If your message is urgent, time-sensitive, or involves a time deadline please text me at 774-239-2441 or contact my colleague, Thomas Kelly, at tkelly@sullivanllp.com and let him know the nature of the emergency." *See* Exhibit 8. Because Plaintiffs' attorney stated that he would act "as expediently as possible after the 16th," the Defendant's attorney did not view the matter as an emergency and, as a result, decided to give the Plaintiffs' attorney a few weeks to respond, given the trial. *See* Paragraph 7(f) of Exhibit 4. This email was the only communication that I ever received from this attorney. See Paragraph 7(f) of Exhibit 4. The Plaintiffs' attorney did not respond at all to the Defendant City of Holyoke's request for the Plaintiffs' Initial Disclosures. *See* Paragraph 7(g) of Exhibit 4.

On August 21, 2024, one of the attorneys representing Defendants Holyoke Public Schools and Lori McKenna submitted a letter to the Plaintiffs' attorney stating

5

that, on May 3, 2024, they served upon the Plaintiffs' attorneys with Interrogatories and Requests for production but had received no response. *See* Exhibit 7. The attorney also stated that it did not receive Plaintiffs' Initial Disclosure responses.. *See* Exhibit 7. The attorney stated that, since the Plaintiffs' attorneys have failed to respond, "all objections are waived" and that they expected full compliance by August 30, 2024 in order to avoid court action. *See* Exhibit 7. The Plaintiffs' attorneys never responded to the Defendants' letter. *See* Paragraph 7(e) of Exhibit 3.

Having received no response by any attorney with an appearance on file, on November 6, 2024, the Defendants filed a Joint Motion to Compel, in accordance with Federal Rules of Civil Procedure [Rule 37] and Local Rule 37.1(b). *See* Paragraph number 8 of Exhibit 3; *see also* Paragraph number 8 of Exhibit 4; *see also* the Joint Motion to Compel, a copy of which is attached hereto and marked as Exhibit 9. The Plaintiffs did not oppose the Defendants' Joint Motion to Compel. *See* Paragraph 8 in Exhibit 3; *see also* Paragraph 9 in Exhibit 4.

On December 6, 2024, this Honorable Court issued an Order to the Plaintiffs to provide full and complete responses to their Initial Disclosures to the Defendants on or before December 23, 2024.

    A.    **Plaintiffs' Discovery Responses are Eight Months' Overdue**

On May 3, 2024, Defendants Holyoke Public Schools and Lori McKenna served its First Set of Interrogatories and First Request for Production of Documents upon the

attorneys representing Plaintiff A.D. on behalf of Jane Doe 2.  *See* Paragraph number 4 of Exhibit 3; *see also* a copy of their First Set of Interrogatories and First Request for Production of Documents copies of which are attached as Exhibits 10 and 11 respectively.

On May 3, 2024, Defendants Holyoke Public Schools and Lori McKenna served its First Set of Interrogatories and First Request for Production of Documents upon the attorneys representing Plaintiff J.M. on behalf of Jane Doe 3. See Paragraph number 4 of Exhibit 3; *see also* copies of their First Set of Interrogatories and First Request for Production of Documents which are attached hereto and marked as Exhibits 12 and 13 respectively.

On May 3, 2024, Defendants Holyoke Public Schools and Lori McKenna served its First Set of Interrogatories and First Request for Production of Documents upon the attorneys representing Plaintiff L.B. on behalf of Jane Doe 4. *See* Paragraph number 4 of Exhibit 3; *see also* copies of their First Set of Interrogatories and First Request for Production of Documents which are attached hereto and marked as Exhibits 14 and 15 respectively.

On July 2, 2024, Defendant City of Holyoke served its First Set of Interrogatories and First Request for Production of Documents upon the attorneys representing Plaintiff A.D. on behalf of Jane Doe 2.  *See* Paragraph number 10 of Exhibit 4; *see also* copies of

their First Set of Interrogatories and First Request for Production of Documents which are attached hereto and marked as Exhibits 16 and 17 respectively.

On July 2, 2024, Defendant City of Holyoke served its First Set of Interrogatories and First Request for Production of Documents upon the attorneys representing Plaintiff J.M. on behalf of Jane Doe 3.  *See* Paragraph number 9 of Exhibit 4; *see also* copies of their First Set of Interrogatories and First Request for Production of Documents which are attached hereto and marked as Exhibits 18 and 19 respectively.

On July 2, 2024, Defendant City of Holyoke served its First Set of Interrogatories and First Request for Production of Documents upon the attorneys representing Plaintiff L.B. on behalf of Jane Doe 4.  *See* Paragraph number 10 of Exhibit 4; *see also* copies of their First Set of Interrogatories and First Request for Production of Documents which are attached hereto and marked as Exhibits 20 and 21 respectively.

Plaintiffs did not timely respond, did not object, and did not request any extension of time to do so.  In order to receive responses to the requested discovery, each Defendant has made numerous attempts to contact the Plaintiffs' attorneys; which attempts are more fully specified in Paragraph number 7 of Exhibit 3; see also Paragraph number 7 of Exhibit 4 and as further outlined above.  All of Defendants' attempts went unanswered.

On November 6, 2024, the Defendants filed a Joint Motion to Compel, in accordance with Federal Rules of Civil Procedure [Rule 37] and Local Rule 37.1(b),

because none of the Defendants received the Plaintiffs' responses to the discovery requests set forth herein. *See* Paragraph number 8 of Exhibit 3; see also Paragraph number 11 of Exhibit 4; *see also* Exhibit 9. The Plaintiffs did not respond or oppose the Defendants' Joint Motion to Compel. See Paragraph number 8 of Exhibit 3; *see also* Paragraph number 9 of Exhibit 4.

On December 6, 2024, this Honorable Court issued an Order to the Plaintiffs to provide full and complete responses to the Defendants' discovery requests on or before December 23, 2024.

### B.  Plaintiffs' Non-Compliance with the Court Order

On December 23, 2024, at 11:58 p.m., one of the Plaintiffs' attorneys submitted an email to the Defendants which contained a link which was alleged to have contained the Plaintiffs' Initial Disclosures as well as their responses to the Defendants' discovery requests. *See* email from Attorney Michaela Weaver, a copy of which is attached hereto and marked as Exhibit 22. The link in the email is https://we.tl/tRWxPTeGG37. See Exhibit 22. Both Defendants clicked on this link. *See* Exhibit 22. By clicking on said link, the reader is brought to a website entitled "WeTransfer". *See* Paragraph number 11 of Exhibit 3; *see also* Paragraph number 13 of Exhibit 4. The entity entitled "WeTransfer" requires that, in order to gain access to information, the person seeking access must (1) create an account; and (2) agree to WeTransfer's Terms of Service. *See* Paragraph number 14 of Exhibit 4; *see also* Exhibit 23.

9

It was also at this time that Plaintiffs – for the first time – requested a conference to discuss the discovery requests. *See* Paragraph 12 in Exhibit 4; *see also* Exhibit 8.

On December 24, 2024, the Defendant City of Holyoke sent an email to the Plaintiffs' attorney informing her that the Defendant City of Holyoke considered her response to be non-complaint with the court order because:

1. Her response was late in that the Court ordered production of the Plaintiffs' Initial Disclosures and responses to the Defendants' discovery requests by December 23, 2024 and her response was submitted at 11:58 p.m.; a time when Defendant City of Holyoke would not have received the information during the business hours of December 23, 2024. *See* Exhibit 22; and

2. In order to gain access to the court ordered information, Defendant City of Holyoke must agree to abide by WeTransfer's Terms and Conditions which contain an Indemnification and Hold Harmless provision which requires both Defendants to defend, hold harmless and indemnify WeTransfer (including their employees and affiliates) from and against any claims, incidents, liabilities, procedures, damages, losses and expenses (including legal and accounting fees), arising out of or in any way connected with your access to or use of the Services or your breach of these Terms, including any third party claims that Content created, used, stored or shared using the Services by you or through your account, infringe or violate any third party rights." *See* Paragraph 15 of WeTransfer's Terms of Service, a copy of which is attached hereto and marked as Exhibit 23; and

3. The Federal Rules of Civil Procedure do not require discovery parties to accept the indemnification and hold harmless provisions of a third part contract in order to receive the documents being requested. *See* Exhibit 22.

On December 29, 2024, Defendant Holyoke Public Schools and Lori McKenna sent an email to the Plaintiffs' attorney requesting that she either send hard copies of the discovery materials or PDF's as attachment to an email; and informing her that "The file

10

share program used here (which we have not seen before) certainly has some flaws, and we are unable to access some of the documents." *See* Exhibit 22.

On January 22, 2025, one of the Plaintiffs' attorneys submitted emails to the Defendants attorneys alleging that the emails were compliant with the court's order. Such as not the case

## ARGUMENT

a) **Legal Standard**

"Federal Rules of Civil Procedure 37(b) gives district court[s] a 'veritable arsenal of sanctions' for failure to comply with discovery orders." See Costa v. Saki, LLC, 2022 U.S. Dist. LEXIS 165676 at 13; quoting Crispin-Taveras v. Mun. of Carolina, 647 F.3d 1, 7 (1st Cir. 2011); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007). District courts have broad discretion in choosing the applicable sanctions, and the appropriateness of sanctions, such as a default judgment, is evaluated on a case-by-case basis implicating the totality of the circumstances. See Costa v. Saki, LLC, at 14; see also Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 37-38 (1st Cir. 2012).

As a substantive matter, there is a non-exhaustive list of factors considered by courts include, but are not limited to, the severity of the discovery violations, legitimacy of the party's excuses for failure to comply, repetition of violations, deliberateness of the

misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions. See Costa v. Saki, LLC at 14; see also Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d at 38. From a procedural matter, courts may consider whether the district court gave the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against in the imposition of such a penalty." See Costa v. Saki LLC, at 14-15.

**b) Analysis**

In Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43 (1st. Cir. 2002), the Appeals Court upheld the District Court's dismissal of the Plaintiff's action for failure to comply with the District Court's scheduling orders. Id. The Appeals Court explained that, in appropriate circumstances, a court may dismissal a claim with prejudice for violation of a judicial order without giving consideration of lesser sanctions, and that while dismissal should ordinarily be employed only when a plaintiff's conduct is extreme [*citing* Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st. Cir. 1988)], "disobedience of court orders, in and of itself, constitutes extreme misconduct (and thus warrants dismissal)". Id. at 5-6; *citing* Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987); *contrast* Diaz-Rosario v. Francisco-Gonzalez, 2006 U.S Dist. LEXIS 115777 wherein the United States District Court for the District of Puerto Rico denied the Defendant's motion for sanctions in the form of dismissal Plaintiff's case because the Plaintiff corrected its failure to disclose responses to the Defendant's discovery requests. Id. at 6.

In the case at bar, the Plaintiff has ignored two (2) court orders; one being the Scheduling Order and the other being the Court Order to supply the Defendants with (1) full and complete ' Initial Disclosures; and (2) full and complete responses to Defendants' discovery requests.  *See* Paragraphs 8 and 14 in Exhibit 3; *see also* Paragraphs 8 and 15 in Exhibit 4.

      i.    **Ignore Scheduling Order**

The Plaintiffs' attorney who sent an email to the Defendants attorneys at 11:58 p.m. on December 23, 2024 stated that in her email that her excuse for failing to serve the Plaintiffs' Initial Disclosures to the Defendants, and her failure to serve responses to the Defendants' discovery requests was because "I moved to a new law firm over the summer, and it appears that the bulk of the emails regarding discovery went to my old email address at Keches which I did not have access to***."  *See* Exhibit 22.  This excuse is less than truthful.  According to her email dated May 20, 2024, her email address is mweaver@sullivanllp.com.  *See* Exhibit 1.  Also, according to the Joint Proposed Scheduling Statement, her email address is mweaver@sullivanllp.com, and her office was located at Sullivan & Sullivan, LLP.  *See* Exhibit 1.  That is also the email address on record with her appearance.  In addition, the second attorney representing the Plaintiffs has failed to provide the Defendants with any excuse regarding his failure to serve the Defendants with their Initial Disclosures and his failure to serve the Defendants with any response to their discovery requests.  *See* Paragraphs 8 and 14 in Exhibit 3; *see*

13

*also* Paragraph 8 and 15 in Exhibit 4. Additionally, the Defendant City of Holyoke made a phone call to one of the Plaintiffs' attorneys and there is no statement that she was not receiving her phone messages. Furthermore, even if were true that any one of the Plaintiffs attorneys failed to receive emails from the Defendants containing the (1) Defendants' Initial Disclosures; (2) Discovery Requests; (3) their requests as to when they could expect the Plaintiffs' Initial Disclosures and responses to the Defendants' discovery requests; and (4) Defendants' Joint Motion to Compel, each document was sent to the Plaintiffs by regular mail. *See* Exhibits 7, 8, 10-21. The Plaintiffs' attorneys never stated that they did not receive these documents by regular mail.

As the Appeals Court for the First Circuit stated in Tower Ventures, Inc. v. City of Westfield, 296 F.3d. 43, 46 (2002), disobedience in a court order, in and of itself, constitutes as extreme misconduct. Id. at 46. The Plaintiffs did not satisfy the Scheduling Order issued by this Honorable Court and the Plaintiffs' explanation for failure to comply is without merit and is untrue. *See* Exhibits 1-2, 10-21.

      **ii.    Ignore Court Order to Provide Defendants with Plaintiffs' Initial Disclosures and Responses to Defendants Discovery Requests**

The Plaintiffs had an opportunity to explain why they had not provided the Defendants with their Initial Disclosures and their Responses to the Defendants interrogatories and requests for production when the Defendants filed their Joint Motion to Compel. The Plaintiffs did not take advantage of this opportunity, and the Plaintiffs

14

did not respond to the Defendants' Joint Motion to Compel in any fashion or manner. *See* Paragraph 8 in Exhibit 3; *see also* Paragraph 9 in Exhibit 4.

On December 6, 2024, this Honorable Court ordered the Plaintiffs' to serve the Defendants with their Initial Disclosures and their responses to the Defendants' discovery requests by December 23, 2024. The Plaintiffs did not comply with this order, which failure also constitutes as misconduct in accordance with the ruling of Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (2002).

To the extent that the Plaintiffs' argue that their email, which was sent on December 23, 2024 at 11:58 p.m. constitutes compliance with the court order compelling production, the Defendants argue that the Plaintiffs' argument is without merit because: (1) it was sent at a time when the Defendants could not possibly received said email by the deadline of December 23rd (i.e. it was sent at 11:58 p.m. on December 23, 2024)[*see* Exhibit 22]; (2) the email did not contain the documents but rather a link which lead WeTransfer [see Exhibit 22]; and (3) in order to obtain the documents, the Defendants were required to agree to indemnify and hold harmless WeTransfer for all forms of liability. [See Exhibits 22-23]. The Defendants argue that this Honorable Court ordered the Plaintiffs' to produce the documents via a method that would not require the Defendants to agree to any indemnification agreements.

Counsel for the City of Holyoke and Lori McKenna did click on the link to access the documents. While the link does appear to contain discovery responses from "J.D. 3,"

15

they are deficient in that they assert objections, do not identify whether any documents are being withheld on the basis of any stated objections, and they do not otherwise respond to the question posed. Plaintiffs have waived all objections and therefore, any objections asserted from "J.D. 3" must be stricken. See Paragraph 11-15 in Exhibit 3; see also Paragraphs 12-16 of Exhibit 4. Also, nowhere in the link are Plaintiffs' discovery responses or initial disclosure responses from the remaining Plaintiffs. See Paragraphs 11-15 in Exhibit 4; see also Paragraphs 12-16 f Exhibit 4. The link does contain some documents which, albeit responsive to some of the Defendants' discovery requests, are wholly inadequate and deficient. See Paragraph 11-15 in Exhibit 3; see also Paragraphs 12-16 of Exhibit 4.Without comparing the production to full and complete discovery responses from all Plaintiffs, Defendants are unable to identify what documents remain outstanding, nor are they able to identify which questions they are responsive to. To date, Defendants have not received any supplemental responses. See Paragraphs 11-15 in Exhibit 3; see also Paragraphs 12-16 of Exhibit 4.

## **CONCLUSION**

The Plaintiffs failure to comply with this Honorable Court's Scheduling Order and its Order Compelling the Plaintiffs to provide the Defendants with their Initial Disclosures and responses to the Defendants discovery requests constitute extreme misconduct. In light of such extreme misconduct, the Defendants respectfully request that this Honorable Court either dismiss the Plaintiffs' action with prejudice in

accordance with Rule 37(b)(2)(A)(v), or enter a default judgment against the Plaintiffs in accordance with Rule 37(b)(2)(A)(vi).

| | |
|---|---|
| The Defendant, | The Defendants |
| City of Holyoke, | Holyoke Public Schools, |
| By, | Lori McKenna, and |
| | |
| /s/ Kathleen E. Degnan | /s/ Paul V. Kelly |
| Kathleen E. Degnan, Esq. | Paul V. Kelly, Esq. |
| BBO  # 648838 | BBO #: 267010 |
| City of Holyoke Law Department | Jackson Lewis P.C. |
| 20 Korean Veterans Plaza – Room 204 | 75 Park Plaza, 4th Floor |
| Holyoke, MA 01040 | Boston, MA  02116 |
| Tel. No.: (413)322-5580 | Tel. No.: (617) 305-1263 |
| Email address: degnank@holyoke.org | Email: paul.kelly@jacksonlewis.com |

## CERTIFICATE OF SERVICE

We, Kathleen E. Degnan, as attorney for the Defendant City of Holyoke, and Paul V. Kelly, as attorney for Defendants Holyoke Public Schools and Lori McKenna, do hereby certify that on January 23 2025, we served a copy of this Joint Memorandum together with Exhibits 1-23 upon Plaintiffs' counsel by electronic mail.

/s/ Kathleen E. Degnan
Kathleen E. Degnan, Esq/
BBO# 648838
Holyoke Law Department
20 Korean Veterans Plaza
Holyoke, MA 01040
Tel. No.: (413) 322-5580
Email address: degnank@holyoke.org

/s/ Jessica L. Draper
Jessica L. Draper, Esq.
BBO #: 267010
Jackson Lewis, P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel. No.: (617) 305-1263
Email address: Jessica.draper@jacksonlewis.com